**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 3, 2015

LETTER TO COUNSEL

RE: *Harriet K. Meyer v. Commissioner, Social Security Administration*;
Civil No. SAG-14-2768

Dear Counsel:

On August 29, 2014, Plaintiff Harriet K. Meyer petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Meyer's reply. (ECF Nos. 14, 15, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Meyer's motion, grant the Commissioner's motion, and affirm the judgment of the Commissioner pursuant to 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Meyer protectively filed a claim for Disability Insurance Benefits ("DIB") on August 8, 2011. (Tr. 150-51). She alleged a disability onset date of August 20, 2004. (Tr. 15). Her earnings record dictated a date last insured of December 31, 2008, so she needed to establish disability on or before that date to be entitled to benefits. (Tr. 17). Her claim was denied initially and on reconsideration. (Tr. 103-06, 112-18). A hearing was held on June 10, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 39-85). Following the hearing, the ALJ determined that Ms. Meyer was not disabled within the meaning of the Social Security Act during the relevant time frame before her date last insured. (Tr. 12-21). The Appeals Council denied Ms. Meyer's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that, during the relevant period, Ms. Meyer suffered from the severe impairments of degenerative disc disease, gastroesophageal reflux disease, and bronchitis. (Tr. 17). Despite these impairments, the ALJ determined that Ms. Meyer retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except no exposure to hazards, such as unprotected heights and heavy machinery; occasional exposure to extreme heat or extreme cold; and would be off task no more than 10% of an 8-hour workday, including regularly scheduled breaks.

*Harriet K. Meyer v. Commissioner, Social Security Administration*
Civil No. SAG-14-2768
September 3, 2015
Page 2

(Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Meyer could perform her past relevant work as an office manager, account clerk, office clerk, and deed recorder and that, therefore, she was not disabled. (Tr. 20-21).

Ms. Meyer raises three arguments on appeal: (1) that the ALJ erred in evaluating Listing § 1.04(A); (2) that the ALJ failed to evaluate Listing § 3.07(B); and (3) that the ALJ failed to address her non-severe impairments, including pneumonia and incontinence. Each argument fails to warrant remand, and is addressed below.

First, Ms. Meyer claims that the ALJ improperly evaluated her degenerative disc disease using Listing § 1.04(A). Pl. Mot. 12-21. Specifically, Ms. Meyer posits that the medical evidence establishes a disorder of the spine, resulting in compromise of the spinal cord, with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, and motor loss accompanied by sensory or reflex loss. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. § 1.04(A). I concur with Ms. Meyer that the ALJ's analysis was deficient, since the ALJ conclusorily asserted that Ms. Meyer did not meet the listing without discussing any evidence relating to that conclusion. The ALJ simply cited to three exhibits, all significantly post-dating Ms. Meyer's date last insured, without providing further analysis. (Tr. 18). While the ALJ's deficient opinion arguably constitutes error, any error is harmless because the record does not demonstrate a listing-level spine impairment meeting the durational requirement during the relevant time frame. The records Ms. Meyer relies upon to establish her severe impairment date from September, 2004. (Tr. 359-63). She promptly underwent surgery on November 4, 2004, and she concedes that the surgery alleviated her symptoms for some time. (Tr. 51-52, 264). While she testified that she regressed after "maybe one good year," the medical records do not indicate that she sought any further treatment for spinal issues until 2011, several years after her date last insured. *See id.*; (Tr. 454). Ms. Meyer argues that her symptoms in 2011 and later, and the opinion of Dr. Sparandero relating to the 2012-2013 time frame, help establish that her impairments meet Listing § 1.04(A). However, I find that those records are simply too far removed from the period of eligibility to be relevant to a listing analysis in this case. The evidence within the relevant time frame does not establish that Ms. Meyer met all of the criteria of Listing § 1.04(A), and therefore any error in the ALJ's analysis is rendered harmless.

Ms. Meyer next claims that the ALJ improperly evaluated her pulmonary symptoms under Listing § 3.03 (asthma) instead of § 3.07(B) (bronchiectasis). Pl. Mot. 21-23. That Listing requires, in relevant part, "episodes of bronchitis or pneumonia . . . requiring physician intervention, occurring at least once every 2 months or at least six times a year . . . an evaluation of at least 12 consecutive months must be used to determine the frequency of episodes." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. § 3.07(B). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). The claimant bears the burden of demonstrating that his impairment meets or equals a listed impairment. *See Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986). Furthermore, an ALJ is required to discuss listed impairments and compare them individually to Listing criteria only when there is "ample evidence in the record to support

*Harriet K. Meyer v. Commissioner, Social Security Administration*
Civil No. SAG-14-2768
September 3, 2015
Page 3

a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (emphasis added). Ms. Meyer's medical records do not demonstrate the requisite level of frequency during the relevant period. At best, there are diagnostic images suggesting pneumonia on April 7 and 22, 2005, May 13, 2005, November 6, 2006, and April 24, 2007. (Tr. 279-80, 301, 304, 313-15). There also appear to be notes indicating a case of acute sinusitis or bronchitis in March, 2007, another date in 2007, and January, 2008. (Tr. 285-87). Even if each of the 2005 or 2007 incidents were to be counted as separate episodes of illness, at most there are only four episodes in any twelve-month period, not the required six. *See also* (Tr. 279) (Dr. Sheridan's report from June, 2007 in which Ms. Meyer described one episode of pneumonia in April, 2005, another episode in November, 2006, and an episode of sinusitis in January, 2007). Thus, the ALJ's failure to evaluate Listing § 3.07(B) does not warrant remand.

Finally, Ms. Meyer contends that the ALJ erred by failing to consider her pneumonia and incontinence to be severe impairments at step two, and by failing to consider impairments imposed by those non-severe impairments in the RFC evaluation. Pl. Mot. 24-34. Step two is a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 147-48 (1987) (upholding the severity threshold because, "if a claimant is unable to show that he has a medically severe impairment . . . there is no reason for the Secretary to consider the claimant's age, education, and work experience"). If a claimant is not suffering from any severe impairment(s), he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If a claimant is found to be suffering from a severe impairment(s), the analysis simply proceeds to the next step. *Id.* Thus, any error in failing to deem pneumonia and incontinence to be severe impairments is harmless, since the ALJ found other severe impairments and proceeded to consider Ms. Meyer's entire record in the subsequent steps of the evaluation.

Ms. Meyer further contests the ALJ's evaluation of her pneumonia and incontinence in the RFC evaluation. Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). While the ALJ described Ms. Meyer's condition as "bronchitis" and "asthma" instead of "pneumonia," it is evident that the ALJ fully considered Ms. Meyer's pulmonary illnesses. (Tr. 18, 19). The ALJ also acknowledged Ms. Meyer's claim of urinary incontinence. (Tr. 19). While the ALJ did not expressly discuss the impacts of those impairments on Ms. Meyer's ability to perform work, the ALJ did rely upon her "substantial and independent activities of daily living" and the lack of supporting medical evidence prior to the date last insured.[1] (Tr. 19). After a careful review of the entire record for any evidence of functional limitations that were not addressed, I find the ALJ's conclusions to be supported by substantial evidence.

---

[1] Those factors are particularly compelling as to the incontinence issue, since Ms. Meyer did not appear to seek specialist treatment for that issue until 2009, at which point she stated that she had "learned to live with it" but was prescribed cranberry tablets and a vaginal cream. (Tr. 319-20). Ms. Meyer testified at her hearing that she was able to work, despite her frequent need to use the bathroom, from 1999 through 2004. (Tr. 55-56).

Finally, Ms. Meyer argues that the ALJ arbitrarily suggested that she would be off task no more than 10% of a workday, which, in Ms. Meyer's view, amounts to missing two full work days per month and precludes employment. Pl. Mot. 31-34. However, there is a distinct difference between actual absences from the workplace and periods of being "off-task" due to concentration lapses or regular breaks. The VE expressly testified that a person "off-task" up to 10% of the time could perform Ms. Meyer's past relevant work, with the exception of her job as childcare supervisor. (Tr. 76). The VE further testified that "missing one-and-a-half days or more per month" would preclude employment, but did not equate being "off-task" with absenteeism. (Tr. 77). Ms. Meyer's attempt to equate the two inquiries is unpersuasive.

For the reasons set forth herein, Ms. Meyer's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 15) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                            Sincerely yours,

                                            /s/

                                            Stephanie A. Gallagher
                                            United States Magistrate Judge